FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 0 2017

MATTHEW J. DYKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF NEW MEXICO**

(US District Court, District of New Mexico, Pete V. Domenici U.S.

Courthouse, 333 Lomas Blvd NW, Suite 270, Albuquerque, NM 87102)

| | |
|---|---|
| Ronald Satish Emrit, | ) |
| Plaintiff (Pro Se) | ) |
| | ) |
| v. | ) |
| | ) |
| Maggie Toulouse Oliver, Secretary of State | ) |
| of New Mexico & Democratic Party | ) |
| of New Mexico, | ) |
| Defendant | ) |
| | ) |

C. A. No. 17 cv 1024 GBW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this
complaint against the two defendants which have violated the plaintiff's constitutional
rights by refusing to place him on the ballot for the primary and general presidential
election in 2016.  The issue is still ripe for adjudication and not moot given that the
plaintiff has decided to run again for president of the United States in the 2020
presidential election (as a Democratic candidate).  In bringing forth this complaint, the
plaintiff states, avers, and alleges the following:

## I.) NATURE OF THE CASE

1.) The plaintiff alleges that the two defendants have violated his Equal protection
Rights inherent from the Fifth and Fourteenth Amendments to the United
States Constitution.

1

2.) The plaintiff alleges that the two defendants have violated his substantive and procedural due process rights also inherent from the Fifth and Fourteenth Amendments to the U.S. Constitution.

3.) Furthermore, the plaintiff alleges that the two defendants have violated the Privileges and Immunities Clause inherent from Article IV, Section 2, Clause 1 of the U.S. Constitution (i.e. the Comity Clause).

4.) Moreover, the plaintiff alleges that neither of the two defendants should be protected by the Eleventh Amendment doctrine of sovereign immunity and that it is unconstitutional to require that the two defendants waive their sovereign immunity as it is reasonable to assert that no governmental defendant would ever waive its right to sovereign immunity because no governmental agency (on the federal, state, or local level) would ever agree to be sued in its own jurisdiction.

5.) Accordingly, any agents acting on behalf of the defendant as a principal also have the apparent, actual, express, and implied authority to bind the defendant to contract with regards to any subsequent matters that may be found relevant to a material breach of contract analysis using the parol evidence rule, Statute of Frauds, promissory estoppel (for a substitute for consideration), and/or the doctrine of anticipatory repudiation.

6.) With regards to the 2020 primary and general elections in this state, the plaintiff argues that he has standing, causation, and redressability to bring this cause of action (even though the 2020 election is in the future) for an issue that is ripe and not moot.

7.) Furthermore, this case does not involve a non-justiciable political question or the rendering of an advisory opinion by a court of law or equity and this case does not involve the applicability of a bill of attainder or ex post facto law.

## II.) PARTIES TO THIS LITIGATION

8.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Nevada.  His current mailing address is 6655 38th Lane East, Sarasota, FL 34243.  His cell phone number is currently (301)537-8471 and his primary email address is einsteinrockstar2@outlook.com.  The plaintiff is filing this cause of action in the U.S. District Court for the Southern District of Iowa because he anticipates that he will be moving to Iowa after having been homeless in Maryland, Florida, and Nevada.

9.) The first defendant is "doing business as" (d/b/a) the New Mexico Secretary of State, and her name is **Maggie Toulouse Oliver**.  Its principal place of business (ppb) and/or nerve center is located at the following address: New Mexico Capitol Annex North, 325 Don Gaspar, Suite 300, Santa Fe, NM 87501.  Its telephone number is 505.827.3600.

10.) The second defendant is the New Mexico Democratic Party with its location at 322 Adams St SE, Albuquerque, NM 87108.  Its telephone number is (505) 830-3650

### III.) JURISDICTION AND VENUE

11.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

12.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

13.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the Southern District of New Mexico (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the sole defendant.

14.) As an Article III court, the U.S. District Court for the Southern District of New

3

Mexico also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of the Health Insurance Portability and Accountability Act (HIPAA) in addition to the Affordable Care Act (i.e. "Obamacare").

15.) A federal question is presented by the implication of the McCain-Feingold Act and Ethics in Government Act of 1978.

16.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

17.) Because the amount in controversy exceeds $75,000 (i.e. $250,000 is greater than $75.000), this court also has jurisdiction with regards to that particular issue.

## IV.) STATEMENT OF FACTS

18.) The plaintiff was a Democratic candidate for president of the United States in the 2016 general election.  As such, he ran alongside Bernie Sanders, Hillary Clinton, and President trump.

19.) The plaintiff was only placed on an official ballot in Palm Beach County, FL whereas he was not placed on a ballot in any other jurisdiction in the country.

20.) The plaintiff was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate).

21.) In the 2016 presidential election, the plaintiff's candidate ID number was P60005535 (registered with FEC Form 2 with the Federal Election Commission (FEC) at 999 E Street, NW Washington, DC 20463)

22.) With regards to the Political Action Committee (PAC) or Separate Segregated Fund (SSF) representing the plaintiff, the principal campaign committee identification number was C00569897.

23.) Accordingly, the plaintiff was not represented by any "Super PAC" and was not funded by any philanthropists or lobbyists such as the infamous Koch Brothers which are allowed to donate as much as they want to any PAC or Super PAC according to the stare decisis/persuasive precedent of *Citizens United v. FEC, 558 U.S. 310 (2010)*.

24.) Upon filling out FEC Form 1, it can be shown that the plaintiff as a candidate, nor his PAC/SSF had any contributions from anybody as he never was able to receive donations or funding from any person, entity, corporation, or non-profit entity.

## V.) COUNT ONE: VIOLATION OF THE EQUAL PROTECTION CLAUSE INHERENT FROM THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

25.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

26.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

27.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling

5

government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

28.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

29.) As such, both of the defendants have violated the plaintiff's equal protection rights by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

## V.)COUNT TWO: VIOLATION OF THE DUE PROCESS CLAUSE INHERENT FROM THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

30.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

31.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

32.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local

laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

33.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

34.) As such, both of the defendants have violated the plaintiff's substantive and procedural due process rights by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

35.) At the very least, the plaintiff should have been given a notice and a hearing with regards to his not being placed on the 2016 ballots in the state and he should be given a notice and a hearing in the future if he will be excluded from the ballots in 2020. The three types of notice are constructive notice, actual notice, and inquiry notice.

## VI.) COUNT THREE: VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV, SECTION 2, CLAUSE 1 OF THE U.S. CONSTITUTION

36.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

37.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

38.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

39.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

40.) As such, both of the defendants have violated the Privileges and Immunities Clause (of Article IV, Section 2, Clause 1 of the U.S. Constitution) by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

41.) At the very least, the plaintiff should have been given a notice and a hearing with regards to his not being placed on the 2016 ballots in the state and he should be given a notice and a hearing in the future if he will be excluded from the ballots in 2020. The three types of notice are constructive notice, actual notice, and inquiry notice.

## VII.) COUNT FOUR: VIOLATION OF 42 U.S.C. SECTION 1983

42.) According to Cornell Law School and The Legal Information Institute, 42 U.S.C. Section 1983 provides in pertinent part that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

43.) The plaintiff argues that both of the defendants have violated 42 U.S.C. Section 1983 (notwithstanding the fact that the plaintiff is not currently an employee of the federal, state, or local government) by failing to place him on the 2016 ballot for the primary and general presidential election.  This violation of 42 U.S.C. Section 1983 is particularly egregious given that the plaintiff is a disabled African-American male who has decided to run for president of the United States (as he passes the qualifications of being a U.S. citizen over the age of 35 years old).

44.) Presumably, these defendants will also have committed a violation of 42 U.S.C. Section 1983 in the future (in 2020) if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## VIII.) COUNT FIVE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.) According to the website operated by the American Association of University Women (AAUW), "Title VII of the Civil Rights Act of 1964 is a federal law that prohibits employers from discriminating against employees on the basis of sex, race, color, national origin, and religion. It generally applies to employers with 15 or more employees, including federal, state, and local governments. Title VII also applies to private and public colleges and universities, employment agencies, and labor organizations."

46.) The plaintiff argues that both of the defendants have violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot for the primary and general presidential election.  This violation of Title VII of the Civil Rights Act of 1964 is particularly egregious given that the plaintiff is a disabled African-American male who has decided to run for president of the United States (as he passes the qualifications of being a U.S. citizen over the age of 35 years old).

47.) Presumably, these defendants will have committed a violation of Title VII of the Civil Rights Act of 1964 in the future (in 2020) if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## IX.) COUNT SIX: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)

48.) According to the website ADA.gov, "The Americans with Disabilities Act (ADA) was signed into law on July 26, 1990, by President George H.W. Bush. The ADA is one of America's most comprehensive pieces of civil rights legislation that prohibits

discrimination and guarantees that people with disabilities have the same opportunities as everyone else to participate in the mainstream of American life -- to enjoy employment opportunities, to purchase goods and services, and to participate in State and local government programs and services. Modeled after the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, religion, sex, or national origin – and Section 504 of the Rehabilitation Act of 1973 -- the ADA is an "equal opportunity" law for people with disabilities.  To be protected by the ADA, one must have a disability, which is defined by the ADA as a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. The ADA does not specifically name all of the impairments that are covered."

49.) In the present case at bar, the plaintiff argues that both of the defendants are "covered entities" within the context of potential defendants that have violated the ADA of 1990 by discriminating against disabled persons.

50.) Because of the fact that the plaintiff has suffered and continues to suffer from bipolar disorder, schizoaffective disorder, obsessive compulsive disorder, and post-traumatic stress disorder (PTSD), it is asserted with substantial certainty that the plaintiff is disabled and therefore covered by the ADA of 1990.

51.) More specifically, the plaintiff has been determined to be disabled by Dornita McKinnon of the state of Maryland as well as the Social Security Administration (SSA) which continues to pay the plaintiff monthly benefits in the amount of $789.00 (with Medicare/Medicaid and Humana giving him medical insurance).

52.) By excluding him from the ballots in this state in the 2016 and 2020 primary and general presidential elections, the defendants have violated the Americans with

Disabilities Act of 1990 (ADA) specifically because of the fact that the plaintiff is a disabled presidential candidate.

## X.) COUNT SEVEN: NEGLIGENCE

53.) In order to prove a prima facie case for negligence, the following elements must be proved:

i.) A duty on the part of the defendant to conform to a specific standard of conduct for protection of the plaintiff against an unreasonable risk of injury;

ii.) A breach of that duty by the defendant;

iii.) The breach is the actual and proximate cause of the plaintiff's injury; and

iv.) Damage

54.) The plaintiff argues that both of the defendants breached their duty of care to the plaintiff to place him on the 2016 ballot for the primary and general presidential election and as such these defendants have committed negligence in 2016 and in the future in 2020 if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## XI.) COUNT EIGHT: MATERIAL BREACH OF CONTRACT

55.) A breach of contract is material if, as a result of the breach, the nonbreaching party does not receive the substantial benefit of his or her bargain.  If the breach is material, the nonbreaching party (i) may treat the contract as at an end (any duty of counter-performance is discharged), and (ii.) has an immediate right to all remedies for breach of the entire contract, including total damages (Note that a minor breach, if coupled with anticipatory repudiation, is treated as a material breach).

56.) In determining whether a breach is material or minor, the courts look at the following factors:

i.) The amount of benefit received by the nonbreaching party;

ii.) The adequacy of compensation for damages to the injured party;

iii.) The extent of part performance by the breaching party;

iv.) Hardship to the breaching party;

v.) Negligent or willful behavior of the breaching party; and

vi.) The likelihood that the breaching party will perform the remainder of the contract.

57.) The plaintiff argues that both of the defendants have committed a material breach of contract by failing to place him on the 2016 ballot for the primary and general presidential election.  Presumably, these defendants will have committed a material breach of contract in the future in 2020 if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## XII.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is requesting a remedy at law in the form of a judgment in the amount of $45,000,000 (forty five million dollars). This remedy at law would be appropriate considering the fact that both of the defendants have committed a material breach of contract and negligence.  Moreover, both of the defendants have committed a violation of the following "black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA).  Furthermore, both of the defendants (acting on behalf of the state) have violated the Equal

Protection Clause and Due Process Clause of the Fifth and Fourteenth

Amendments to the U.S Constitution in addition to having violated the Privileges

and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution.

In asserting this "prayer for relief," the plaintiff states, avers, and alleges the

following:

A.) The remedy at law in the form of a judgment in the amount of $45,000,000

would be appropriately considered to be expectation, reliance, restitution,

incidental, and consequential damages for the defendants' material breach of

contract.

B.) The remedy at law in the form of a judgment in the amount of $45,000,000

would also be appropriately considered to be punitive, compensatory, treble,

actual, presumed, and special damages for the defendants' commission of

negligence or negligence per se in addition to a violation of the following

"black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of

the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990

(ADA).

C.) The remedy at law in the form of a judgment in the amount of $45,000,000

would also be considered appropriate given that it has been proved that both of the

defendants have violated the plaintiff's rights with regards to the Equal Protection

Clause and Due Process Clause (inherent from the Fifth and Fourteenth

Amendments) and the Privileges and Immunities Clause (of Article IV, Section 2,

Clause 1).

C.) The plaintiff is also requesting the equitable remedy of an injunction or specific

performance mandating that the plaintiff Ronald Emrit be allowed to be placed on

the ballot for the primary and general presidential election in this state in the year

2020 such that both of the defendants (in the present case at bar) are required to

place the plaintiff on the primary and general presidential election in the year 2020

(presumably running up against President Donald Trump as the incumbent).

D.) While punitive damages are not allowed pursuant to the common law of

contracts or the Restatement (Second) of Contracts, liquidated damages may be

applicable under the theory that each presidential candidate has formed a

quasi-contract with the state in which each candidate promises to exercise due

diligence in complying with all of the various filing requirements while the state

promises to each candidate that he or she will be placed on the ballot in said state.

E.) A discussion of quantum meruit and unjust enrichment may also be applicable

under the theory that each candidate has formed a quasi-contractual arrangement

with the Secretary of State and Democratic party to follow all of the filing

requirements in this bilateral arrangement (in which a promise is exchanged for another promise).

Respectfully submitted,

Ronald Satish Emrit

5108 Cornelias Prospect Drive

Bowie, MD 20720

(301)537-8471

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ronald Satish Emrit
6655 38th Lane East, Sarasota, FL 34243

**(b)** County of Residence of First Listed Plaintiff    Manatee County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ronald Satish Emrit (pro se), 6655 38th Lane East, Sarasota, FL 34243,
301 537 8471

## DEFENDANTS

*Maggie Toulouse Oliver, etal.*

County of Residence of First Listed Defendant    *Unknown*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*    *Maggie T. Oliver*
*325 Don Gaspar, Ste. 300*
*Santa Fe, NM 87501*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983 and Title VII of the Civil Rights Act of 1964 and Americabns with Disabilities Act of 1990

Brief description of cause:
The plaintiff is suing to be placed on the ballot for the primary and general election

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
45,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE    N/A    DOCKET NUMBER    N/A

DATE
10/04/2017

SIGNATURE OF ATTORNEY OF RECORD
*Ronald Satish Emrit (pro se)*

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243

RECEIVED
At Albuquerque NM

OCT 1 0 2017

MATTHEW J. DYKMAN
CLERK

Attn: Clerk of the Court
U.S. District Court of
New Mexico
Pete V. Domenici U.S. Courthouse
333 Lomas Blvd, NW
Suite 270
Albuquerque, NM 8710