IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD SATISH EMRIT,

      Plaintiff,

v.                                                                      No. 17cv1024 JCH/GBW

MAGGIE TOULOUSE OLIVER,
Secretary of State of New Mexico, and
DEMOCRATIC PARTY OF NEW MEXICO,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING CASE WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 10, 2017 ("Application"), and on Plaintiff's Second Amended Complaint, Doc. 6, filed December 12, 2017. For the reasons set forth below, the Court will **GRANT** Plaintiff's Application and will **DISMISS** this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income during the past 12 months was $789.00; (ii) his monthly expenses total $1,230.00; (iii) he is unemployed; and (iv) he owns no assets. The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and his monthly expenses exceed his monthly income.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff asserts that Defendants "have violated the plaintiff's constitutional rights by refusing to place him on the ballot for the primary and general presidential election in 2016." Second Amended Complaint at 1. Plaintiff "was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate)." Second Amended Complaint ¶ 71 at 18. Plaintiff asserts "there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections." Second Amended Complaint ¶ 79 at 20. Plaintiff seeks damages in the amount of $250,000.00 for violations of his constitutional rights and Title VII of the Civil Rights Act of 1964, and an injunction "mandating

3

that the plaintiff Ronald Emrit be allowed to be placed on the ballot for the primary and general presidential election in this state in the year 2020." Second Amended Complaint at 23-24.

The Court will dismiss the claim that Defendants violated the Equal Protection Clause of the Constitution "by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States)." Second Amended Complaint at 19-20.

> Different types of equal protection claims call for different forms of review. A claim that a state actor discriminated on the basis of a suspect (e.g., race), quasi-suspect (e.g., gender), or a non-suspect classification calls for strict, intermediate, or rational basis scrutiny, respectively. But in each instance, "to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.

*Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (citations omitted). Plaintiff's Second Amended Complaint fails to state an equal protection claim because it does not allege that Plaintiff was treated differently from others who were similarly situated to Plaintiff. Furthermore, Defendant Maggie Toulouse Oliver, as Secretary of State for the State of New Mexico, is immune from claims for damages. *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits"). The Equal Protection claim also fails to state a claim against the other Defendant because there are no allegations that the Democratic Party of New Mexico is a state actor. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").

In his second claim Plaintiff alleges that Defendants violated the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. *See* Second Amended Complaint at 20-21. "The Fifth Amendment prohibits the federal government from depriving a person of "life, liberty, or property, without due process of law," and the Fourteenth Amendment extends this prohibition to the states." *Shimomura v. Carlson*, 811 F.3d 349, 361 (10th Cir. 2015). The Court will dismiss Plaintiff's Fifth Amendment claim because there are no allegations that the federal government deprived Plaintiff of any property interest.

> The Fourteenth Amendment proscribes a state from, among other things, depriving a party of "property without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision. . . . to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest.

*Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). The Court will dismiss Plaintiff's Fourteenth Amendment claim because there are no allegations that Defendants' actions deprived Plaintiff of a protectible property interest. In addition, as with the Equal Protection claim, Defendant Toulouse Oliver is immune from claims for damages and there are no allegations that Defendant Democratic Party of New Mexico was acting under color of state law.

The Court will dismiss Plaintiff's third and final claim for failure to state a claim. Plaintiff asserts that "defendants have violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot for the primary and general presidential election." Second Amended Complaint at 22. Under Title VII it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

5

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "To set forth a prima facie case of discrimination [under Title VII], a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Plaintiff has not alleged that he was employed by Defendants or suffered an adverse employment action.

Having dismissed all of Plaintiff's claims for failure to state a claim or because they seek monetary relief against a defendant who is immune from such relief, and because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court will dismiss this action. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . .seeks monetary relief against a defendant who is immune from such relief").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because it is dismissing this case.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 10, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**